JANSEN v. MEYER.

(Supreme Court, Appellate Term.   June 29, 1911.)

COURTS (§ 189*)—MUNICIPAL COURTS—CIVIL ACTIONS—CONVERSION OF FUNDS
    —ARREST.
  Under Municipal Court Act (Laws 1902, c. 580) § 56, subd. 2, requiring an order of arrest in an action for money converted by any one acting in a fiduciary capacity, on rendering judgment for conversion by defendant of money deposited by a former employé to secure faithful performance,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

it was error to refuse to insert a clause authorizing arrest of defendant, though the amount remaining due was less than $100; the case not being governed by subdivision 3, providing for arrest in certain actions for conversion where the amount involved is at least $100.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Hugo Jansen against Ralph Meyer. From the judgment, plaintiff appeals. Modified and affirmed.

Argued before SEABURY, GUY, and BIJUR, JJ.

John F. Harrington, for appellant.

PER CURIAM. Plaintiff obtained a judgment in the Municipal Court upon an oral pleading for "wrongful conversion of $400 cash." The defendant did not appear. The proof showed that plaintiff had been employed by the defendant as a collector, and as security for the faithful performance of his duties had deposited the sum of $400. The plaintiff, having quit the defendant's employment, brought this suit, and prior to the time of the trial the defendant had paid plaintiff $350 of the deposit. An inquest was taken, and judgment was given for $50 and costs in favor of the plaintiff. The court refused to insert a clause in the judgment authorizing the arrest and imprisonment of the defendant, although the summons served was properly indorsed, and the plaintiff appeals from the judgment.

The court below evidently concluded that, the amount of recovery being less than $100, no body execution could be issued. Municipal Court Act, § 56, subd. 3. This action falls under subdivision 2 of that section, and the judgment should have contained a clause authorizing the arrest and imprisonment of the defendant.

Judgment modified, by inserting therein the words, "Defendant subject to arrest and imprisonment," and, as modified, affirmed, with costs to appellant.